## BROWN *versus* NEAL & als.

Of involuntary trespasses and those committed by negligence or mistake.

Chapter 115, § 22, of R. S. as amended by the Act of amendment, authorizing a tender of amends for trespasses committed by *negligence* or *mistake,* has reference to the *act of trespass,* and not the reasons or motives of the trespasser. — HATHAWAY, J., dissenting.

EXCEPTIONS from *Nisi Prius,* RICE, J., presiding.

TRESPASS *quare clausum.* The question was one of costs.

The defendants, while the action was in Court, tendered the plaintiff a sum of money for his damages and costs, and brought the same into Court and deposited it with the clerk.

After verdict, the defendants contended, that if said sum was sufficient to pay the damages the plaintiff had sustained and costs, up to the time of the tender and the bringing it into Court, then, from that time, the defendants were entitled to costs, and that none after that time could be taxed for the plaintiff.

A special verdict was also found by the jury, "that the

defendants committed the acts complained of by the plaintiff in his writ and declaration, in the construction of a road which had been laid out and accepted by the town of Palermo, and by a mistake as to the legality of the proceedings of the town in laying out and accepting said road, and by the negligence of the defendants in not ascertaining the legality of the proceedings aforesaid, it being admitted by the defendants that the laying out and accepting said road was defective and void."

The presiding Judge ruled, that the trespass, found by the jury in the special verdict, was not such, as the statute authorizes a tender, or bringing money into Court, to satisfy.

The defendants excepted.

*N. Abbott,* for defendants.

*Keen,* for plaintiff.

Shepley, C. J. — The rights of these parties will depend upon a construction of the provisions of the statute, c. 115, § 22, as amended by the Act of amendment. When is a trespass committed, to be regarded as " involuntary, or by negligence or mistake ?" It may be involuntary or committed by mistake when a person believes that he is doing an act upon his own land, or upon the land of another by permission, when in fact he is not, but is doing it upon land on which he had no right to enter. It may be committed through negligence, when a person designs to do an act upon land, on which he might lawfully do it, and from want of proper care or attention he passes on to the land of another, claiming no right and having no intention to do so.

It cannot be involuntary or by mistake, when one knowingly enters upon the land of another, claiming right to do so. If there be neglect or mistake in such case, it must arise from want of care to ascertain whether he had any legal right to do so, or from a mistake of the law respecting it.

The neglect or mistake referred to in the statute, has refer-

ence to the act of trespass, not to the reasons or motives urging its commitment.                    *Exceptions overruled.*

TENNEY and HOWARD, J. J., concurred; HATHAWAY, J., did not concur, and submitted his views as follows:—

The opinion states correctly that a trespass may be involuntary or by mistake, "when a person believes he is doing an act upon the land of another by permission, when in fact he is not," &c. If a man get over the line between him and his neighbor by mistake, and cut a tree, supposing he is on his own land, or if he suppose he has permission when in fact he has not, the *act* is voluntary; the *trespass* is involuntary. He did not *intend* to do wrong. In this case the defendant made the road *supposing* he had lawful permission; he was *mistaken.* True, he neglected to inform himself that the road was not legally laid out; and so, the man who got over the line neglected to inform himself where the line was, and he who cut without permission, supposing he had one, neglected to ascertain the fact; there is a distinction in the cases, but too shadowy, I think, to make a difference.